NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWAYNE GUZMAN,<br><br>   Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Civil Action No. 15-6859 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is an appeal filed by Dwayne Guzman ("Plaintiff") seeking review of Administrative Law Judge Nicholas Cerulli's ("ALJ" or "ALJ Cerulli") decision denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"), respectively. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth below, the Court vacates ALJ Cerulli's decision and remands the case for further proceedings consistent with this Opinion.

**I.    BACKGROUND**

On July 22, 2013, Plaintiff protectively filed an application for SSI, alleging disability beginning July 18, 2013. (D.E. No. 6, Administrative Record ("Tr.") at 19). The claim was initially denied on October 23, 2013 and denied again upon reconsideration on February 6, 2014. (*Id.*). Plaintiff subsequently filed a request for a hearing in front of an Administrative Law Judge

1

on February 19, 2014.  (*Id.*).  Plaintiff's request was granted, and Plaintiff appeared and testified at a hearing held on January 23, 2015 in Pennsauken, NJ.  (*Id.*).

At the hearing, Plaintiff reiterated his claims of a disability due to frequent shortness of breath, chest pains, dizziness, and vision problems resulting from adult onset diabetes and a heart attack.  (*Id.* at 45).  Plaintiff also complained of (among other difficulties) an inability to sit, stand, or walk for extended periods of time, numbness and tingling in his extremities, and difficulty climbing stairs.  (*Id.* at 45-47).  Plaintiff's treating physician suggested that Plaintiff's ambulatory complications could be corrected with the use of a cane.  (*Id.* at 472).  But Plaintiff was not prescribed a cane, nor did he bring one with him to the hearing on January 23, 2015.  (*Id.* at 27).

On February 10, 2015, ALJ Cerulli denied Plaintiff's application, finding Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms . . . not entirely credible."  (*Id.* at 24).  ALJ Cerulli assigned little weight to both the State agency medical consultant's opinion (which found Plaintiff's impairments to be non-severe) and to Plaintiff's primary care physician's opinion (which "largely consist[ed] of checking off boxes on a form with no supporting medical or objective evidence to support his findings").  (*Id.* at 26-27).  On April 16, 2015, Plaintiff requested an Appeals Council review (*id.* at 10), which was denied on July 16, 2015 (*id.* at 1).

On September 15, 2015, Plaintiff appealed the Commissioner's decision by filing a Complaint with this Court.  (D.E. No. 1).  The Court received the administrative record on December 10, 2015.  (D.E. No. 6).  The parties briefed the issues raised by Plaintiff's appeal. (*See* D.E. No. 11, Brief in Support of Dwayne Guzman filed on June 23, 2016 ("Pl. Mov. Br.");

D.E. No. 12, Defendant's Brief Pursuant to Local Civil Rule 9.1 filed on August 8, 2016 ("Def. Opp. Br.")).  The matter is now ripe for resolution.

## II. LEGAL STANDARD

### A. Standard for Awarding Benefits

To be eligible for DIB under Titles II and XVI of the Act, a claimant must establish that he or she is disabled as defined by the Act.  *See* 42 U.S.C. §§ 423 (Title II), 1382 (Title XVI).  A claimant seeking DIB must also satisfy the insured status requirements set forth in § 423(c).  Disability is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  The individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Act has established a five-step sequential evaluation process to determine whether a plaintiff is disabled.  20 C.F.R. § 404.1520(a)(4).  If at any point in the sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the inquiry ends.  *Id.*  The burden rests on the claimant to prove steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[1]  At step five, the burden shifts to the Commissioner.  *Id.*

**Step One.**  At step one, the claimant must demonstrate that she is not engaging in any substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit.  *Id.* §§

---

[1]    Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

416.972(a), (b).  If an individual engages in substantial gainful activity, she is not disabled under the regulation, regardless of the severity of her impairment or other factors such as age, education, and work experience.  *Id.* § 404.1520(b).  If the claimant demonstrates she is not engaging in substantial gainful activity, the analysis proceeds to the second step.

*Step Two.*  At step two, the claimant must demonstrate that her medically determinable impairment or the combination of impairments is "severe."  *Id.* § 404.1520(a)(4)(ii).  A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  Slight abnormalities or minimal effects on an individual's ability to work do not satisfy this threshold.  *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010).

*Step Three.*  At step three, the ALJ must assess the medical evidence and determine whether the claimant's impairment or combination of impairments meet or medically equal an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. § 404.1520(a)(4)(iii).  Upon a finding that the claimant meets or medically equals a listing, the claimant is presumed to be disabled and is automatically entitled to benefits.  *Id.* § 416.920(d).

When evaluating medical evidence in step three, an ALJ must give controlling weight to, and adopt the medical opinion of, a treating physician if it "is well-supported . . . and is not inconsistent with the other substantial evidence in [the] case record."  *Id.* §§ 404.1527(c)(2), 416.927(c)(2).  Not inconsistent does not mean that the opinion must "be supported directly by all of the other evidence [i.e., it does not have to be consistent with all the other evidence] as long as there is no other substantial evidence that contradicts or conflicts with the opinion."  *Williams v. Barnhart*, 211 F. App'x 101, 103 (3d Cir. 2006).  Even where the treating

physician's opinion is not required to be given controlling weight, the opinion is not necessarily rejected and may still be entitled to deference "depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). If there is conflicting medical evidence, "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Id.*

***Step Four.*** If a claimant is not found to be disabled at step three, the analysis continues to step four, in which the ALJ determines whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant lacks the RFC to perform any work she has done in the past, the analysis proceeds.

***Step Five.*** In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on her RFC and vocational factors. *Id.* § 404.1520(a)(4)(v).

### B. Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Although substantial evidence requires "more than a

mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360. Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Regarding the ALJ's assessment of the record, the Third Circuit has stated, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The Third Circuit noted, however, that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

### III. ALJ CERULLI'S DECISION

At step one of the analysis, ALJ Cerulli determined that Plaintiff had not engaged in substantial gainful employment ("SGA") since July 22, 2013, the date of Plaintiff's application. (Tr. at 21). Although Plaintiff had worked briefly after the application date, his earnings records for the remainder of 2013 showed an income slightly over $1,000. (*Id.*). Plaintiff also worked for approximately one month in the summer of 2014, but he stopped work after having a heart

attack. (*Id.*). ALJ Cerulli found that "[s]uch earnings do not rise to the level of SGA given the short duration of the work activity." (*Id.*).

At step two, the ALJ determined that Plaintiff suffered from multiple severe impairments: diabetes mellitus, high myopia, coronary artery disease, and degenerative joint disease. (*Id.*). These impairments were found to "cause more than a minimal limitation in claimant's ability to perform basic work activities." (*Id.*). The ALJ determined, however, that Plaintiff's impairments of GERD, asthma, hypertension, degenerative disc disease, and obesity were not severe. (*Id.*).

At step three, ALJ Cerulli found that Plaintiff did not have an "impairment or combination of impairments that m[et] or medically equal[ed] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.* at 22). The ALJ pointed out that there were no findings by any treating or examining physician "equivalent in severity to any listed impairment, nor [were] such findings indicated or suggested by the medical evidence of record." (*Id.*). Specifically, ALJ Cerulli considered Listing 1.02 and found that there were no major dysfunctions of any joints "[c]haracterized by gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s)." (*Id.*). The ALJ also considered Listing 11.14, but did not find "peripheral neuropathies with significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station, in spite of prescribed treatment." (*Id.*). Finally, the ALJ considered the listings in sections 2.00 (Special Senses and Speech), 4.00 (Cardiovascular System), and 9.00 (Endocrine System), but determined that Plaintiff's impairments did not satisfy the requirements of any of those listings. (*Id.*).

At step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 416.967(b). (*Id.*). Plaintiff was deemed capable of performing work requiring near and far acuity and field of vision (with the caveat that he must avoid concentrated exposure to extreme heat and hazards) and was limited to unskilled work involving routine and repetitive tasks with occasional changes in the work setting. (*Id.*).

At step five, the ALJ concluded that, based on Plaintiff's RFC and the testimony of the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including bagger, bottle packer, and garment sorter. (*Id.* at 58). Accordingly, ALJ Cerulli found that Plaintiff was not disabled, as defined in the Act, and Plaintiff was therefore ineligible for disability benefits. (*Id.* at 28).

## IV.   DISCUSSION

On appeal, "Plaintiff argues that the substantial evidence in the administrative record establishes entitlement and eligibility for and to" disability benefits. (Pl. Mov. Br. at 9). Plaintiff appeals ALJ Cerulli's determinations on steps three, four, and five. (*Id.* at 15-25). Specifically, Plaintiff contends (among other things) that (i) the ALJ failed to consider Plaintiff's impairments in combination as required by step three (*id.* at 15-20); and (ii) the ALJ's RFC determination was not supported by substantial evidence (*id.* at 20-25). Plaintiff asks the Court to reverse the Commissioner's final administrative decision and order the payment of benefits. (*Id.* at 9). Alternatively, Plaintiff asks the Court to remand this case to the Commissioner for a new hearing and a new decision. (*Id.*).

### A.   The ALJ Failed to Consider Plaintiff's Impairments in Combination

Plaintiff argues that in step three of his evaluation, ALJ Cerulli failed to "combine and compare" the totality of Plaintiff's impairments to determine if, when combined, they are

medically equivalent to a listed impairment. (*Id.* at 15-20). Plaintiff further argues that "no combination of impairments is attempted [even though] many different findings recorded in the evidence and recited in the decision mirror those required in the appropriate listing." (*Id.* at 19-20). Although ALJ Cerulli promises a further discussion on the combination of Plaintiff's impairments by stating "[a]s more fully discussed in this decision" (Tr. at 22), Plaintiff points out that the ALJ "never again revisits the listings, acknowledges the findings that meet listing requirements or combines those findings for a discussion of medical equivalence" (Pl. Mov. Br. at 20).

Defendant responds that "the ALJ specifically discussed Plaintiff's impairments in the step-three analysis, and explained that they did not meet any of the listings for musculoskeletal impairments." (Def. Opp. Br. at 9). Defendant further argues—sans citations—that "the ALJ sufficiently analyzed and evaluated the relevant medical evidence as it relates to the Listings requirements of 4.04A2 and 4.04C (pertaining to ischemic heart disease), and 9.08A, B and C (pertaining to endocrine disorders in adults)." (*Id.* at 10). Defendant also notes that "[i]t is Plaintiff's burden to prove that her impairments met, or equaled, all of the criteria of the listings." (*Id.* at 11).

At step three, the ALJ must consider the medical severity of the claimant's impairment(s) and whether the impairment(s) "meets or equals one of [the] listings in Appendix 1" of 20 C.F.R. Part 404, Subpart P. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Although the claimant bears the burden of proving that his impairments meet those listed in Appendix 1, if a claimant's impairments do not meet the requirements of any listing, the ALJ is required to determine whether the combination of impairments is medically equal to any listed impairment. *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 151-52 (3d Cir. 2008) (citing *Burnett*, 220 F.3d at 120

n.2; 20 C.F.R. § 404.1526(b)). Further, the ALJ must set forth the reasons for his decision. *Burnett,* 220 F.3d at 119. Conclusory statements have been found to be "beyond meaningful judicial review." *Id.*

Here, the ALJ states—without discussion or analysis—that the "claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Tr. at 22). The analysis is conclusory and inadequate. The ALJ must set forth the reasons for his decision. *Burnett,* 220 F.3d at 119. As Plaintiff points out, the "ALJ must combine all severe impairments and compare the joint effects of all impairments against one of the Commissioner's Listings to determine medical equivalence." (Pl. Mov. Br. at 19). Conclusory statements, like the one in this case, are "beyond meaningful judicial review." *Burnett,* 220 F.3d at 119 (stating that an ALJ's "conclusory" one-sentence step three analysis was "beyond meaningful judicial review"). Although the ALJ explains why Plaintiff's impairments do not meet the Appendix 1 listings individually, he does not provide any analysis or explanation as to why Plaintiff's impairments—in combination—do not meet or equal an Appendix 1 listing. As in *Torres*, the ALJ here failed at step three by not considering Plaintiff's impairments in combination.

Defendant argues that "[i]t is Plaintiff's burden to prove that [his] impairments met, or equaled, all of the criteria of the listings." (Def. Opp. Br. at 11). Defendant is correct in that a bare argument that the ALJ did not adequately compare Plaintiff's limitations to a listing (without support or analysis) is not enough. *See Milano v. Comm'r of Soc. Sec.*, 152 F. App'x 166, 169 (3d Cir. 2005) ("Milano has not attempted to show that her impairments meet or equal any specific Listing, and merely concludes that she has 'severe medical conditions' that 'might' do so. That is simply not enough."). But Plaintiff here met his burden. (*See* Pl. Mov. Br. at 16-

17). He explains, for example, that (i) "Plaintiff's coronary artery disease, as listed in 4.04C, was demonstrated by angiogram following [P]laintiff's heart attack in July 14, 2014 and required angioplasty and stentin to reopen his narrowed arteries"; and (ii) "[t]he constriction of [Plainitff's] visual fields and the large floaters caused by diabetes[,] causing blurry vision approximate those described in listing paragraph 2.03C and thus listing paragraph 9.08C." (*Id.* at 16-17).

Accordingly, the Court remands this case so that the ALJ can complete his step-three analysis. In doing so, the ALJ should address the combined effects of Plaintiff's individual impairments and detail whether the combination of all of Plaintiff's impairments is equivalent in severity to a listed impairment. Pending the outcome of the combination analysis at step three, the ALJ should reconsider his determinations at steps four and five.

## V.   CONCLUSION

For the foregoing reasons, the Court hereby vacates ALJ Cerulli's decision and remands the case for further proceedings consistent with this Opinion. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**